IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

OSVALDO CARRILES GARCÍA

DEBTORS
_____

ORIENTAL BANK

MOVANT
_____

CASE NO. 12-08820(BKT)
CHAPTER 13

### MOTION REQUESTING ALLOWANCE OF LATE FILED PROOF OF CLAIM

TO THE HONORABLE COURT:

Comes now, ORIENTAL BANK and TRUST (Oriental), serviced through Bayview Loan Services, LLC, through its undersigned counsel and respectfully alleges and prays as follows:

1. Debtors filed the present petition for relief under Chapter 13 of the Bankruptcy Code on October 31, 2012. *See, Docket 1.*

2. The last date for filing a claim in this case was on March 6, 2013. *See, Docket 5.*

3. On this same date, Oriental filed a secured proof of claim in the amount of $380,053.42 and corresponding to a mortgage over the following property:

> URBANA: Solar en la Calle Muñoz Rivera de San Lorenzo, que mide por el ESTE, su frente, 12 pulgadas y por el fondo 24.87 metros, o sea, 298.44 metros cuadrados. En lindes por el NORTE, con Josefa Gonzalez Sellés; por el SUR y OESTE con el solar del cual se segregó, o sea, Anselmo Gonzélez Padín; y por ESTE, con la Calle Luis Muñoz Rivera, que radica. *See Claims no. 10.*

4. In this case Debtor's proposed Chapter 13 Plan dated March 1, 2013, which has not been confirmed, provides that no disbursement will be made to Oriental.

Thus, the allowance of Oriental's claim would not represent any danger or prejudice to the Debtor, creditors and/or parties in interest. *See, Docket no. 38.*

5. In this case, Oriental filed its secured Proof of Claim nineteen days after the bar date has elapsed. Nonetheless, it has been held that secured creditor is not required to timely file a claim in a bankruptcy case. *In re Kreisler*, 331 B.R. 364 (Bankr. N.D. Ill. 2005).

6. In this case the allowance of Oriental's claim would not represent any danger or prejudice to the Debtors inasmuch that the proposed plan provides that the Trustee will not make any disbursements to Oriental. The reason for the delay is not of bad faith or any type of dilatory tactic.

**WHEREFORE,** it is respectfully requested from this Honorable Court to take notice of the aforementioned and allow the late filing of its Proof of Claim no. 7.

**Respectfully Submitted.**

## NOTICE

Within Fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Puerto Rico Local Bankruptcy Rule 9013-1(h)

In San Juan, Puerto Rico on March 20, 2013.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor: **OSVALDO CARRILES GARCIA,** at the address on record: CALLE MUÑOZ RIVERA 159, SAN LORENZO, PUERTO RICO 00754; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **VICTOR GRATACOS DÍAZ;** and to **JOSE RAMON CARRION MORALES,** Chapter 13 Trustee.

**DELGADO & FERNÁNDEZ, LLP**
**P O Box 11750**
**Fernández Juncos Station**
**San Juan, Puerto Rico 00910-1750**
☎ **(787) 274-1414**
🖨 **(787) 764-8241**

S/ **MARISTELLA SÁNCHEZ RODRÍGUEZ**
MARISTELLA SÁNCHEZ RODRÍGUEZ
USDC-PR No. 224714
msanchez@delgadofernandez.com